In re Pelle KARLSSON and Evelyn Karlsson, Debtors.

Pelle Karlsson and Evelyn Karlsson, Plaintiffs,

v.

United States of America, Defendant.

Bankruptcy No. 98–18714–9P7.
Adv. No. 99–290.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Feb. 23, 2000.

Louis X. Amato, Naples, FL, for plaintiff.

Marika Lancaster, Washington, D.C., for defendant.

Shari S. Jansen, Sarasota, FL, Chapter 7 Trustee.

## ORDER ON MOTION TO DISMISS COUNT II OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion to Dismiss Count II filed by the United

States of America (Government). The Motion seeks dismissal of Count II of the Amended Complaint filed by Pelle and Evelyn Karlsson (Debtors). In Count I of the Amended Complaint, the Debtors seek a determination that their income tax liability totaling $1,593,414.20 for calendar years 1979, 1980, 1981 and 1982 is dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A), (B) and (C). It is without dispute that the Debtors paid in full the principal obligation owed to the Government on the still outstanding interest liability

On September 1, 1999, the Debtors and the Government filed a Joint Motion for Summary Judgment as to Count I of the Amended Complaint. On September 7, 1999, this Court granted the Joint Motion and determined that the Debtors' tax liability for the years 1979, 1980, 1981 and 1982 is not excepted from the overall protection of the general bankruptcy discharge and is discharged pursuant to 11 U.S.C. § 727(a).

In Count II of the Amended Complaint, the Debtors seek a determination of the amount and legality of the interest and penalties relating to some taxes that the government claims the Debtors owe for the same years, pursuant to 11 U.S.C. § 505(a)(1).

11 U.S.C. § 505(a)(1) provides:

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the *amount* or *legality* of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. (emphasis added)

This provision is subject to Subclause (2) which provides that the Court may not determine any tax penalty or addition to tax if the amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case.

Even a cursory reading of the text of this Section leaves no doubt that it only deals with the determination of the amount and the legality of any tax. Although the Debtors in their Amended Complaint seek relief pursuant to Section 505, it is clear that the Debtors do not seek a determination of the amount or legality of the tax. On the contrary, what the Debtors are seeking from this Court is an order directing the Secretary of the Treasury to abate the payment of the interest imposed by the IRS. The relief sought implicitly concedes that both the amount and the legality of the taxes are correct, but the payment of interest should be abated because of the alleged unfair treatment accorded to him by the IRS. Specifically the request for abatement is based on the contention that the Government unreasonably delayed a determination of the tax liability.

The Debtors contend that because the Government denied their appellate conference, the Debtors had to wait fourteen years to obtain a determination of the tax liability. As a result of the delay, interest in an amount in excess of $1.2 million accrued and, therefore, pursuant to 26 U.S.C. § 6404(e), the interest should be abated or, in the alternative, subordinated to all other claims.

Section 6404(e)(1) provides:

(e) Abatement of interest attributable to unreasonable error or delay by an officer or employee of the Internal Revenue Service.

(A) any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act ...

 Generally, the Bankruptcy Court has the authority to determine a debtor's tax liability and such a proceeding is a core proceeding. *In re Hallock,* 154 B.R. 297, 300 (Bankr.D.Ariz.1993). In the present instance, the Debtors do not ask a determination of the amount and legality of the Debtors' tax liability, but they do seek an

order from this Court directing the Secretary of the Treasury to abate the payment of interest imposed by the IRS based on the alleged improper action by the IRS. There is a provision in the Administrative Procedure Act, Section 702 which on its face indicates there must be a judicial review available to a person who claims to have suffered because of an agency action, or adversely affected by an agency action.

Section 702 of the Administrative Procedure Act (APA) provides,

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

5 U.S.C. § 702.

However, 5 U.S.C. § 701(a) provides that the APA does not apply "to the extent that ... (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Section 6404(e)(1) of the Internal Revenue Code permits the Secretary of the Treasury to exercise his discretion in determining whether any interest shall be abated which has accrued on any deficiency or the payment of any tax because of an error or delay of an IRS employee or officer in performing a ministerial act. *Hallock*, 154 B.R. at 300.

The Seventh Circuit Court of Appeals considered the debtor's right to abate the interest assessed by the IRS and held that:

(1) statute permitting bankruptcy court to determine amount or legality of any tax, or any addition to tax, did not permit court to abate interest assessed by IRS on unpaid tax liability;

(2) bankruptcy court could not abate interest assessed by IRS under its equitable powers;

(3) bankruptcy court could not invoke Internal Revenue Code provision permitting Secretary of the Treasury to abate interest assessments attributable to errors or delays of IRS officers or employees ...

The Eleventh Circuit Court of Appeals agreed with *Carlson* and in *Horton Homes, Inc. v. U.S.*, 936 F.2d 548 (11th Cir.1991) has made clear that "section 701(a) ... [of the APA] is applicable and bars a federal district court from exercising its jurisdiction to review the failure of the IRS to abate the payment of interest pursuant to section 6404(e)(1)." Thus, this Court lacks subject matter jurisdiction to review the IRS's failure to abate interest pursuant to I.R.C. Sec. 6404(e)(1). Assuming that the Motion under consideration, although it is based on Section 505 of the Bankruptcy Code, really seeks an abatement of enforcement of the interest on a tax liability, based on *Horton Homes, supra*, this Court lacks jurisdiction to grant the relief sought by the Debtors.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Count II be, and the same is hereby, granted. Count II is dismissed without prejudice. A separate Final Judgment will be entered in accordance with the foregoing.